IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TEARIE REGISTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:21-CV-268 (MTT) |
| | ) | |
| DOMINO'S PIZZA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

__ORDER__

This case involves various allegations of breach of contract, employment discrimination, and negligence stemming from pro se Plaintiff Tearie Register's employment at Domino's Pizza.  Doc. 22.  Domino's Pizza, Inc. moved to dismiss on the grounds that Domino's is not subject to the personal jurisdiction of the Court, and even if personal jurisdiction was proper, Register fails to state a claim.  Doc. 7.  Because Domino's relied on an affidavit in support of both arguments (Doc. 7-1), the Court construed the motion as one for summary judgment and granted Register leave to file an amended complaint.[1]  Doc. 10.  Register eventually did so.[2]  Doc. 22.  Because the

---

[1] It is well-established that the Court may make factual findings about personal jurisdiction on a Rule 12(b)(1) motion to dismiss without converting that motion to a motion for summary judgment. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008); *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1247 (11th Cir. 2000).  On the other hand, once "matters outside the pleadings are presented," as they were in this case with Domino's' failure to state a claim argument, a motion for dismissal pursuant to 12(b)(6) is no longer appropriate, and to that extent "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

[2] One day later, Register filed a "motion for summary judgment" which regurgitated the claims in her second amended complaint.  Doc. 24.  Because Register's motion is merely titled "summary judgment" and is otherwise styled as an amended complaint, the Court construes this filing as a motion to amend under Rule 15(a)(2) of the Federal Rules of Civil Procedure.  That motion is **DENIED** for futility.  *Hall v.*

Court lacks personal jurisdiction over Domino's, Register's claims are **DISMISSED** without prejudice.[3]

## I. BACKGROUND

While working at Domino's, Register alleges she was "physically attacked by two to three employees outside that Domino's store." Doc. 22 at 2. Contemporaneous to the attack, Register called Charles Perry, the "Director of Operations" of "Domino's" and asked Perry to "help her." *Id.* at 6. Register contends Perry responded by saying, "[w]hat do you want me to do about it?" *Id.* According to Register's amended complaint, Perry's actions were "unlawful," and therefore, Domino's is liable. *Id.* at 7. Specifically, Register asserts claims for (1) accessory to assault, (2) negligence per se, (3) breach of legal duty, (4) "torts title 51." *Id.* at 8-9.

But Perry doesn't work for Domino's. *See* Docs. 7-1 at ¶ 6; 22-2. Nor was Domino's Register's employer. *Id.* at ¶ 5; 22-2. Rather, according to an affidavit submitted by Domino's, Register and Perry were employed by JMP Pizza, Inc., an "independently owned and operated Domino's franchise." *Id.* at ¶ 7; 22-2. The affidavit also asserts that Domino's is not registered to do business in Georgia and does not transact business in Georgia. *Id.* at ¶¶ 4, 9-12. In short, Domino's has no relationship with JMP Pizza, and Register has pointed to nothing in the record to refute this fact. *Id.* at ¶¶ 6-12.

---

*United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.") (citation omitted).

[3] Because the Court finds Domino's lacks jurisdictional contacts with Georgia, it necessarily follows that Domino's was not Register's employer. However, because the Court lacks personal jurisdiction over Domino's, the Court does not reach the merits of Register's claims.

Giving Register the benefit of the doubt, the Court granted Register leave to amend her complaint so she could find the proper party to sue or at the very least articulate why she had a valid claim against Domino's.  Doc. 10.  In the week prior to that Order, Register filed a separate civil action where she named "Domino's owner Joe Podson" as the defendant.[4]  Doc. 21 at 2.  Because Register's second case involved the same set of facts as her first but named a different defendant, the Court ordered the actions consolidated.  *Id.*  In the consolidation order, the Court once again directed Register to file an amended complaint, and if she so chose, name Podson as a party and effect service of process accordingly.  *Id.* at 2-3.  Register filed an amended complaint on October 14, 2021, in response to the Court's Order, but nonetheless failed to name any party other than "Domino's Pizza."  *See generally* Doc. 22.

## II. STANDARD

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."  *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (internal quotations and citations omitted).  "Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction."  *Id.*  "Where the plaintiff's complaint and

---

[4] Joe Podson appears to be the "independent franchise business owner" who owned the Domino's that employed Register.  Doc. 1-2 at 26.  For reasons unbeknownst to the Court, Podson's name and contact information were scratched through with a black pen on an email submitted to the Court by Register concerning her communication with the Domino's Customer Care Team.  *Id.*  However, Podson's name is still clearly visible.  *Id.*

supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Id.*

## III. DISCUSSION

**A. The Court Does Not Have Personal Jurisdiction Over Domino's**

"To determine personal jurisdiction, courts must first determine 'whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute.'" *J & M Assocs., Inc. v. Romero*, 488 F. App'x 373, 375 (11th Cir. 2012) (quoting *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007)).  "Second, courts must examine whether exercising jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment[.]"  *Id.* (quoting *Eurisol*, 488 F.3d at 925).

*1. Georgia's Long Arm Statute*

A court in Georgia may exercise personal jurisdiction over a nonresident that "(1) transacts any business within [the] state, (2) commits a tortious act or omission within [the] state," or "(3) commits a tortious injury in [the] state caused by an act or omission outside [the] state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in [Georgia]." O.C.G.A. § 9–10–91(1)(2)(3).  A "nonresident" is defined to include "a corporation which is not organized or existing under the laws of this state and is not authorized to do or transact business in this state at the time a claim or cause of action … arises." O.C.G.A. § 9–10–90.  Where a foreign corporation does not conduct business in Georgia and has no involvement with the conduct that purportedly forms the basis of a Plaintiff's claims, Georgia's long-arm

statute does not authorize personal jurisdiction over that corporation. *See, e.g., Diamond Crystal*, 593 F.3d at 1264.[5]

In this case, Domino's is a "nonresident" under the Georgia long-arm statute because it is incorporated in Delaware with its principal place of business in Michigan, and it was not registered with the Georgia Secretary of State to do business in Georgia at any time relevant to Register's claims.[6] Doc. 7-1 ¶¶ 3-4. As a "nonresident" corporation, Register's various allegations do not place Domino's within the scope of Georgia's long-arm statute. Domino's was not Register's employer, did not enter into any contract with Register, and did not employ any other person working at the store where Plaintiff worked. Doc. 7-1. ¶¶ 5-6. While Register alleges she spoke to Perry, the "Director of Operations" of "Domino's," an exhibit submitted by Register herself shows that Perry was JMP Pizza's "Director of Operations." Doc. 22-2. Domino's does not have any ownership interest in JMP Pizza and does not control the day-to-day operations of JMP Pizza, including the hiring of or management of JMP Pizza's employees. Doc. 7-1 ¶¶ 8, 10. Domino's is not the franchisor for JMP Pizza; rather,

---

[5] *Diamond Crystal* interpreted the Georgia Supreme Court's decision in *Innovative Clinical & Consulting Services., LLC v. First National Bank of Ames,* 279 Ga. 672, 620 S.E.2d 352 (2005), to mean "that a trial court must engage in a separate, literal application of the Georgia long-arm statute in addition to a due process inquiry in deciding whether personal jurisdiction exists over a nonresident defendant." 593 F.3d at 1254. "In short, *Diamond Crystal* makes clear that it is improper to pass over the long-arm statute analysis entirely and conflate it with, or collapse it into, the due process inquiry." *Thiele Kaolin Co., LLC. v. BNSF Ry. Co.*, 2011 WL 693093, at *5 (M.D. Ga. Feb. 18, 2011). "Ironically, and perhaps discouragingly, the Georgia Court of Appeals has interpreted *Innovative Clinical* to do exactly what the Eleventh Circuit says it does not do, i.e., turn long-arm statute analysis into a one-step due process question." *Id.* (citing *Vibratech , Inc. v. Frost*, 291 Ga. App. 133, 137, 661 S.E.2d 185, 188 (2008). "Of course, this Court is bound by the Eleventh Circuit's interpretation of *Innovative Clinical* and thus will apply the two step analysis." *Id.*; *see also Power Guardian, LLC v. Directional Energy Corp.*, 904 F. Supp. 2d 1313, 1319 n. 4 (M.D. Ga. 2012) (acknowledging the apparent tension between *Diamond Crystal* and Georgia courts' interpretation of the Georgia long-arm statute).

[6] Domino's has not held a Certificate of Authority pursuant to O.C.G.A. § 14–2–1501 to transact business in Georgia since it withdrew its registration around June 2000. Doc. 7-1 ¶ 4.

the franchisor is a separate Domino's entity that is actively registered with the Georgia Secretary of State to do business in Georgia.  *Id.* ¶ 9.  Finally, Domino's has no offices or employees in Georgia, does not operate any stores or supply chain centers in Georgia, or otherwise conduct business in Georgia.  *Id.* ¶¶ 11-12.  Accordingly, Georgia's long arm statute is not satisfied, and the Court lacks personal jurisdiction over Domino's.  *Diamond Crystal*, 593 F.3d at 1264.

*2. Due Process Clause of the Fourteenth Amendment*

The Court's exercise of personal jurisdiction over Domino's would also run afoul of the due process clause of the Fourteenth Amendment.  Due process authorizes the exercise of personal jurisdiction over a nonresident defendant when "(1) the nonresident defendant has purposefully established minimum contacts with the forum; and (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice."  *Sec. & Exch. Comm'n v. Marin*, 982 F.3d 1341, 1349 (11th Cir. 2020) (citation omitted).  "Furthermore, it is important to remember that the conduct at issue is that of the defendants.  No plaintiff can establish jurisdiction over a defendant through [her] own actions."  *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1356 (11th Cir. 2000) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Personal jurisdiction can be either general or specific.  General jurisdiction exists where a nonresident defendant's connections with the forum state are "continuous and systematic" so as to render the nonresident defendant "at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quotation and citation omitted).  "The 'paradigm all-purpose forums' in which a corporation is at home are the corporation's place of incorporation and its principal place of business."  *Waite v. All Acquisition*

*Corp.*, 901 F.3d 1307, 1317 (11th Cir. 2018) (quoting *Daimler*, 571 U.S. at 137). "Outside of these two exemplars, a defendant's operations will 'be so substantial and of such a nature as to render the corporation at home in that State' only in an 'exceptional case.'" *Id.* (quoting *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). To make this distinction, the Court considers whether "the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015). Here, Domino's is incorporated in Delaware with its principal place of business in Michigan. Doc. 7-1 ¶ 3. Further, Domino's was not registered with the Georgia Secretary of State to do business in Georgia at any time relevant to Register's claims. *Id*. Accordingly, the Court lacks general jurisdiction over Domino's. *Daimler*, 571 U.S. at 137.

Specific jurisdiction, on the other hand, must arise out of the events or transactions underlying the claim that forms the basis of the lawsuit. *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014). In other words, for specific jurisdiction to be proper, "the defendant must have 'purposefully availed' itself of the privilege of conducting activities—that is, purposefully establishing contacts—in the forum state and there must be a sufficient nexus between those contacts and the litigation." *Diamond Crystal*, 593 F.3d at 1267 (citations omitted). Here, Domino's was not involved in any way with Register's employment at JMP Pizza or the operation of the store where Register was employed. Doc. 7-1 ¶¶ 5-10. Nor has Domino's conducted or directed any activities in Georgia related to Register's claims, such that it could reasonably anticipate being haled into court in Georgia. *Id.* An exhibit submitted by Register underscores this point:

Perry is listed as the "Director of Operations" of JMP Pizza, an entity wholly unrelated to Domino's.  Docs. 7-1 ¶¶ 7-10; 22-2.  Thus, the Court lacks specific jurisdiction over Domino's.

## IV. CONCLUSION

For the reasons noted, Domino's' motion to dismiss for lack of personal jurisdiction (Doc. 7) is **GRANTED.**  Accordingly**,** Register's claims are **DISMISSED** without prejudice.[7]

**SO ORDERED**, this 13th day of December, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[7] Register filed multiple motions requesting the court promptly respond to her civil suit.  Docs 23; 26.  As the Court has now done so, those motions are now **DISMISSED** as moot.